**In re Carey and Bonnie HILBURN.**

**Bankruptcy No. 94–42309 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 30, 1995.

Charles Clawson, Conway, AR, for Tuckers.

Randall Dixon, Dardanelle, AR, for debtors.

David Coop, Chapter 13 Trustee.

### *ORDER*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Objection to Confirmation, and the Motion for Relief from Stay, both filed on February 3, 1995, by creditors R.M. and Trella V. Tucker. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(G), (L).

In 1991, the parties signed several documents by which the debtors sought to purchase a parcel of real estate upon which the debtors would make their home. The parties entered into an Escrow Contract under which the debtor promised to pay $39,900, with $2,000 paid in cash and $339.81 to be paid on the sixth day of each month until paid in full. The debtors were obligated to pay the taxes and insurance. The document contained a forfeiture provision under which, if the debtors did not make a payment, after notice and twenty days grace, the contract and deed would be delivered to the sellers and all monies paid to that date would be deemed rent and damages. The seller also had the option to accelerate the note and sue for the balance. At the same time, the debtors executed a quitclaim deed, by which they quitclaimed any right title and interest in the property to the original sellers, the Tuckers. The deed was placed in escrow. Upon completion of the contract, they were to receive the deed. In the event of default, it was to be delivered to the Tuckers.

There were occasions when the debtors failed to make timely payments.[1] However, until mid–1994, they made the payments upon receipt of the notice and demand from the escrow company. In July 1994, although they again received a 20–day letter, this time they did not make the monthly payment within the time required by the contract and letter. Upon this failure, the escrow company delivered the contract and Quitclaim Deed to the Tuckers. The deed was recorded in August 1994, after which the Tuckers began eviction proceedings. Ongoing negotiations between the parties having failed, this bankruptcy case was filed in November 1994.

The first plan filed by the debtors was for a term of only twelve months and provided for disbursal of the monthly payment to the Tuckers in addition to payments on an arrearage of approximately $2,000. The amended plan, filed March 6, 1995, extended the term of the plan to twenty-four months.

The uncontroverted testimony at trial was that the arrearage is in excess of $4,000.

The Tuckers objected to confirmation of the plan on two grounds. They first assert that the debtors have no interest in the property in light of the delivery to them of the quitclaim deed. Alternatively, they argue that the plan cannot be confirmed inasmuch as it does not provide for payment of the entire arrearage. The motion for relief from stay requests that they be permitted to pursue their state court remedies inasmuch as the debtors have no interest in the subject real property.

The first issue for the Court is the legal effect of the escrow agreement and the quitclaim deed. The debtors essentially assert that the documents are in the nature of a mortgage such that they have an equitable interest in the property and may treat it in their bankruptcy case. The question is whether the Quitclaim Deed and attendant documents are absolute on their face, or, whether the documents constitute a mortgage such that the debtors have an equitable interest in the property which is property of the estate. The determination of this issue rests upon the intent of the parties in light of the circumstances. *Carter v. Zachary,* 243 Ark. 104, 418 S.W.2d 787 (1967); *Hill v. Day,* 231 Ark. 550, 331 S.W.2d 38 (1960); *Bonanza Mining & Smelter Co. v. Ware,* 78 Ark. 306, 95 S.W. 765 (1906); *Scott v. Henry,* 13 Ark. 112 (1852); *Duvall v. Laws, Swain & Murdoch, P.A.,* 32 Ark.App. 99, 797 S.W.2d 474 (1990); *Ruth v. Lites,* 267 Ark. 752, 590 S.W.2d 322 (1979).

Upon viewing the demeanor of the witnesses, hearing their testimony regarding the transaction and their actions, and reviewing the documents, the Court believes that the debtors have carried their burden of demonstrating that the documents constitute a mortgage such that they have an equitable interest in the property. Accordingly, they are entitled to treat the property in their Chapter 13 plan.

However, in light of the debtor's payment history, the dispute regarding insurance, their failure to adequately provide for

---

**1.** Indeed, the debtors conceded that they were "trouble" from the beginning inasmuch as they

repeatedly failed to make timely payments.

payment of the arrearage, and the extremely short length of the plan, modifications must be made in order to propose a confirmable plan. Moreover, conditions must be met in order to protect the rights of the Tuckers in this bankruptcy case and ensure that the case is conducted in good faith. It is

ORDERED as follows:

1. The Motion for Relief from Stay, filed on February 3, 1995, is DENIED upon the conditions stated in paragraph 3 of this Order. Should the debtors fail, at any time, to meet any one of these conditions, the Tuckers are entitled to file an *ex-parte* motion for relief from stay in order to pursue their state court remedies against the debtors.

2. The Objection to Confirmation is SUSTAINED IN PART AND OVERRULED IN PART. The objection is sustained as to the failure to provide for payment of the arrearage and overruled with regard to the assertion that the debtor's have no interest in the property.

3. The debtors shall comply with the following conditions and terms:

(a) Within twenty (20) days of entry of this Order, the debtors shall file a modification of the plan providing for: (1) full payment, within a two-year period of time, of the full amount of the arrearages, as testified by the escrow agent; (2) a term of no less than forty-two (42) months;

(b) The debtors shall ensure that insurance on the property is maintained at all times and shall provided proof to the Tuckers of insurance;

(c) The debtors shall ensure that taxes are timely paid on the property and shall provide proof of payment of the taxes to the Tuckers;

(d) During the life of the plan, the debtors shall make each and every payment to the trustee, in the amount required under the modified plan, in a timely manner. Should the debtors fail to ensure that the trustee *receives* certified funds on or before 4:00 p.m. on the last business day of each month, the

Tuckers shall be entitled to ex-parte relief from stay.

IT IS SO ORDERED.

